■ COPAKE LAKE DEVELOPMENT CORP., Appellant, v. SIDNEY ZASULY et al., Respondents.— Order entered July 17, 1967, granting defendants' motion for an order directing assessment of damages, unanimously reversed, on the law, without costs or disbursements to either party. In this case the Supreme Court granted an injunction *pendente lite* upon the filing of the usual bond. The bond obligated payment to the defendant of damages in the event "it is finally determined that [the plaintiff] was not entitled to an injunction". Upon appeal, the Appellate Division [27 A D 2d 810] reversed the order which granted the injunction *pendente lite* "on condition that a temporary Receiver be appointed". Upon appointment of the Receiver, which subsequently followed, assumedly, the injunction fell, although the Appellate Division order makes no specific provision therefor. Following this court's substitution of a Receiver in place of the injunction, the defendant, seeking to recover upon the bond, made application at Special Term for an order "ascertaining the damages sustained by defendants." Special Term granted that motion and ordered an assessment of damages. It is from that order that the plaintiff appeals. The original complaint was predicated upon a cause of action for damages only. Subsequently, the complaint was amended to plead an action in equity rather than one at law. Although the complaint had been amended before the prior appeal was considered by the court, it was not part of the record, and this court considered the appeal without regard thereto. We need only determine whether there was a final determination that the plaintiff was not entitled to an injunction as required by CPLR 6312. Such a determination would be essential before damages could be assessed. CPLR 6312 (subd. [b]) provides that prior to the granting of a preliminary injunction, the plaintiff shall give an undertaking, "in an amount to be fixed by the court, that the plaintiff, if it is finally determined that he was not entitled to an injunction, will pay to the defendant all damages and costs which may be sustained by reason of the injunction". It should be noted that damages are not conditioned upon the injunction being vacated. It is conditioned upon a *final determination* that the one who obtained the injunction "was not entitled" thereto. The Appellate Division made no such finding. On the contrary the Appellate Division did not specifically hold that the injunction was improperly issued but held that the plaintiff was entitled to some relief and substituted the provisional remedy of a receivership. Consequently, the defendant is not entitled to an assessment of damages under CPLR 6312, in the circumstances. We need not, therefore, determine the effect of the amended complaint on the question of liabilty on the bond. Nor need we at this time decide what, if any, remedies the defendants may have as against the bond in the event they should ultimately succeed. It should be noted that the service of this amended complaint did not effect a discontinuance of the action originally pleaded. And it should be noted further

that both complaints are predicated on the same set of facts. We might add, that at this state of the proceeding it would be improvident to direct an assessment of damages for the reason that any decision as to the amount of damages would be speculative (see *West, Weir & Bartel* v. *Carter Paint Co.,* 25 A D 2d 81) because a permanent injunction against the defendants could possibly be issued, enjoining the very activity forbidden by the preliminary injunction. If this should occur, then it might very well be that such event would be a factor in the consideration of whether or to what extent damages should be assessed. Concur — Eager, J. P., Steuer, Tilzer, Rabin and McNally, JJ.